# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:11-cv-685-SEB-DML |
| | ) |
| BANK OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Motion to Dismiss and Motion to Strike

Plaintiff Deborah Walton ("Walton") filed this civil action against defendants Bank of America Corporation ("BOA"), Bank of America Home Loans Servicing, LP ("BAC"), and Experian Corporation alleging violations of the Fair Credit Reporting Act ("FCRA") and the Real Estate Settlement Procedures Act ("RESPA"). BOA and BAC seek dismissal of Counts III, IV, V and VI of the Complaint pursuant to *Federal Rules of Civil Procedure* 12(b)(6).

For the reasons explained below, **BOA and BAC's motion to dismiss [11] is granted in part and denied in part.**

## The Complaint

The complaint alleges the following facts:

Walton obtained a mortgage from BOA for two properties in Indianapolis, Indiana. BOA turned over the servicing of the mortgages to BAC. Walton timely made all required mortgage payments by check which BOA cashed. BOA filed for foreclosure alleging they never received payments. Following discovery in the foreclosure case BOA realized they had received all of the payments and cashed all of Walton's checks.

After BOA filed for foreclosure it returned Walton's mortgage payments and Walton was instructed to stop making payments. BOA refused to process Walton's payments on or about October, 2010. Despite Walton's timely payments, BOA reported Walton's mortgage as late and/or delinquent to the credit reporting

agencies including Equifax, TransUnion and Experian. This negative information adversely affected Walton's credit score. Walton wrote, via counsel, to the credit reporting agencies and BOA demanding they correct her credit report.

On December 26, 2009, Walton sent a letter to BOA requesting an accounting of the taxes BOA paid. On February 20, 2010, Walton sent a letter to BOA disputing the negative reporting of her mortgage to the three major credit reporting agencies and demanding the removal of the negatively reported information and the proper crediting of Walton's mortgage payments. On November 4, 2010, Walton sent a "qualified letter" to BOA demanding a complete payment history for her mortgage pursuant to the RESPA, as well as a copy of any annual escrow statements and notice of mortgage deficiency or surplus from the date BOA obtained the mortgage to present. BOA did not timely respond to the qualified letter.

BOA received notice from the credit reporting agencies that Walton disputed the completeness or accuracy of information provided by BOA but BOA failed to properly investigate the dispute once it was notified.

BOA and Experian continue reporting the disputed information, specifically that the account was 180 days past-due as of April 2011.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see Autry v. Nw. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). In order to withstand a motion to dismiss under 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the motion, the court accepts as true all well-pleaded factual allegations in the complaint, and any inferences reasonably drawn from those facts are construed in the light most favorable to the plaintiff. *Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992). Pursuant to the federal notice pleading standard, a complaint need only provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that "state a claim to relief that is plausible on its face" and raise the possibility of relief above the "speculative level." *Id.* at 545, 570. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555).

## Motion to Strike

In response to the motion to dismiss, Walton alleges additional facts and presents additional documentation. See dkt. 19. BOA and BAC request that the court strike these new allegations and exhibits.

As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint, incorporating attached exhibits. *Universal Mortg. Corp. v. W%20urttembergische Versicherung AG,* 651 F.3d 759, 763 (7th Cir. 2011); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). An exception to this rule permits a court, in ruling on a motion to dismiss, to treat as part of the pleadings documents that are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). This exception does not apply in this case. In addition, a plaintiff cannot amend or supplement her claims through newly stated allegations in her brief opposing a motion to dismiss. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Puma v. Hall*, 2009 WL 5068629, *5 fn. 3 (S.D. Ind. Dec. 17, 2009). Instead the proper path to amend a pleading is via Rule 15 of the *Federal Rules of Civil Procedure.* Thus, evidence outside the pleadings was not considered in ruling on the instant motion to dismiss.

**Accordingly, BOA and BAC's motion to strike [22] is granted to the extent that the exhibits attached to Walton's memorandum in opposition to the motion to dismiss were disregarded**. Similarly, the exhibits attached to BAC and BOA's brief in support of their motion to dismiss were not considered.

## Bank of America

Paragraph 11 of the complaint alleges that BOA turned over the servicing of the mortgages to BAC. Based on this allegation, BAC and BOA argue that BOA should be dismissed. BAC and BOA explain that BOA is a parent company of BAC and thus the claims against BOA must be dismissed because Walton failed to plead sufficient facts to pierce the corporate veil and BOA did not operate BAC as an alter-ego. This argument is rejected because nearly every allegation in the complaint names BOA as a participant in the allegedly improper conduct and in these circumstances the plaintiff was not required to plead facts to establish grounds for piercing the corporate veil under Delaware law. See *Stucker v. Benevolent & Protective Order of Herrin Elks #£1146,* 2012 WL 86408, *4 (S.D. Ill. 2012). Of course, the allegations in the complaint may prove to be false. But, in this instance a claim that BOA did not actually participate in the conduct alleged and is not responsible for such conduct is better suited for summary judgment.

## Count III

Count III is entitled "Bank of America and BAC's violation of the FCRA 15 U.S.C. § 1681i" and alleges that BOA and BAC violated FCRA, 15 U.S.C. § 1681i, by reporting negative information regarding Walton's mortgage payments to credit reporting agencies even though they had "evidence to verify that no derogatory reporting should be made of Plaintiff's mortgage."

BOA and BAC seek dismissal of Count III. They argue that § 1681i sets forth no duties or obligations for furnishers of information. Rather, the duties of furnishers of information are set forth in § 1681s-2.

BOA and BAC's motion to dismiss Count III of the complaint is **granted**. The plain language of § 1681i creates duties and obligations for credit reporting agencies. Because neither BAC nor its parent, BOA, is a credit reporting agency they are not subject to § 1681i. **Accordingly, Count III is dismissed with prejudice.**

## Count IV

Count IV alleges that BOA and BAC violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report Walton's credit files to the credit reporting agencies without noting that there was a dispute regarding the mortgage, by failing to properly investigate the dispute, by failing to review all relevant information regarding the mortgage, by failing to accurately respond to the credit reporting agencies, and by failing to permanently correct its own internal records to prevent re-reporting of BOA and BAC's representations to the credit reporting agencies.

Section 1681s–2(b) of the FCRA requires a furnisher of credit (such as the defendants) to conduct an investigation and take other actions after the furnisher has been notified of inaccuracies in a consumer's credit report. See 15 U.S.C. § 1681s–2(b).[1] The FCRA provides consumers (such as Walton) with a private right of

---

[1] Section 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute

    (1) In general

    After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

action against the furnisher if the furnisher fails to fulfill its requirements under § 1681s–2(b). See 15 U.S.C. §§ 1681n, 1681o, & 1681s–2(c). To trigger the furnisher's responsibilities under § 1681s–2(b), a credit reporting agency must have notified the furnisher of a dispute about the inaccuracy of the credit report.

BOA and BAC argue dismissal of Count IV is proper because Walton fails to plead any specific facts in support of the above allegations. BOA and BAC's argument is not persuasive. In so finding, the court notes that the Seventh Circuit has cautioned that *Twombly* did not require heightened fact pleading of specifics and must not be overread. *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (*citing Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam)). Contrary to BOA and BAC's assertion, otherwise Walton does plead facts in support of her allegations. See for example, dkt 1 at ¶¶ 10-25, 1-2, 1-3, 1-4. When the court accepts as true all well-pleaded factual allegations in the complaint and inferences reasonably drawn from those facts are construed in the light most favorable to the plaintiff, Count IV states a claim upon which relief may be granted.

---

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

## Counts V and VI

Count V alleges that BOA and BAC violated the RESPA, 12 U.S.C. § 2605(e), by failing to provide the information required by that statute in response to the plaintiff's "qualified written request." Count VI alleges that Walton is entitled to "a strict and total explanation of the accounting of Plaintiff's loans" from BOA and BAC pursuant to the RESPA.

BOA and BAC argue that Walton's RESPA claim fails because BAC sent responses to her written request within the statutorily required time period. As explained above the evidence presented by BOA and BAC in support of this claim was disregarded. Counts V and VI state a claim upon which relief may be granted; BOA and BAC's arguments to the contrary rely on evidence outside of the pleadings, evidence which Walton disputes. This dispute concerns the pertinent facts, not the legal sufficiency of the claims.

## Conclusion

The motion to dismiss is granted in part and denied in part. **Count III is dismissed with prejudice. The motion to dismiss is in all other respects denied.** No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED.**

Date: 02/17/2012

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Deborah Walton
P.O. Box 598
Westfield, IN 46074

Annette M. Haas
BARNES & THORNBURG LLP
Annette.haas@btlaw.com

Timothy J. Maher
BARNES & THORNBURG
Tim.maher@btlaw.com