UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBORAH WALTON,                    )
                                   )
            Plaintiff,             )
                                   )
     vs.                           )   1:11-cv-00685-SEB-DML
                                   )
BANK OF AMERICA,                   )
BAC HOME LOANS SERVICING LP,       )
                                   )
            Defendants.            )

## ENTRY DISCUSSING MOTION TO RECONSIDER

This matter is before the Court on the plaintiff's timely motion to reconsider the judgment entered on March 28, 2014, pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*.

**Background**

Plaintiff Deborah Walton sued defendants Bank of America Corporation and Bank of America, N.A., as successor by merger to Bank of America Home Loans Servicing, LP (collectively, "BAC") under the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"). Certain claims were dismissed in the Entries of February 17, 2012, and September 6, 2012 (dkts. 26 and 70). The remaining claims were resolved in favor of BAC through summary judgment. See dkt. 163. Final judgment was entered March 28, 2014. This motion to reconsider followed.

Although difficult to follow, it appears that Walton argues that she is entitled to relief for four reasons: 1) she was not required to plead allegations of her May 2, 2010, letter in the complaint; 2) BAC failed to put Walton on notice that her mortgage payments had been increased through an initial escrow analysis statement; 3) the November 4, 2010, letter was a Qualified

1

Written Request under RESPA; and 4) BAC failed to produce the documents requested in her qualified written request letters. Walton concludes without any analysis that summary judgment in favor of BAC should be reversed for these four reasons.

In response, the defendant argues that Walton's motion to reconsider fails to identify any new evidence, changes in the law, or misapplication of the law that would justify reconsideration of the March 28, 2014 Entry. Rather, Walton appears to solely argue that judgment was improperly granted in favor of BAC for the same reasons argued in the summary judgment briefing. No reply brief was filed by Walton.

**Discussion**

To establish relief under Rule 59(e), a "movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Boyd v. Tornier, Inc.,* 656 F.3d 487, 492 (7th Cir. 2011). However, "it is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment ...." *Pine Top Receivables of Illinois, LLC v. Banco de Seguros del Estado*, 2014 WL 5786951, *7 (7th Cir. 2014) (*citing Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (internal quotation marks omitted)). In other words, a Rule 59(e) motion is not to be used to "rehash" previously rejected arguments. *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014).

Walton's motion to reconsider can be denied because it simply seeks to again advance arguments that were already rejected by the Court.

One issue, however, would benefit from additional clarification. Specifically, Walton suggests that this Court incorrectly applied federal notice pleading standards to Count V of the complaint. She is mistaken. To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing

that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

Count V of Walton's complaint alleges that BAC violated 12 U.S.C. § 2605(e) of RESPA by failing to timely respond to Walton's November 4, 2010, qualified written request. A copy of the November 4, 2010, qualified written request was attached to the complaint. See dkt. 1-4. In Walton's cross motion for summary judgment, however, Walton attempted to argue that BAC is liable because they failed to respond to a May 2, 2010, qualified written request.

Walton is correct that Rule 8 does not require her to attach to her complaint a copy of the qualified written request at issue or even to specifically identify by date the letter at issue in order to state a claim. Even though the requirements of notice pleading are minimal, however, Walton chose to limit her claim by specifically identifying only the November 4, 2010, qualified written request. Her claim in Count V was not limited by Rule 8 or by this Court, but instead was defined by her own allegation. Having specifically identified the November 4, 2010, letter as the source of her injury, this Court appropriately denied her attempts to add an additional claim based on the May 2, 2010, letter in the course of briefing the motion for summary judgment. To find otherwise would be unduly prejudicial to the defendant who was entitled to rely on the specific allegation that the November 4, 2010, letter was the basis for the claim in Count V. *Conner v. Ill. Dept. of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). The Court's ruling was correct in this regard.

The request for reconsideration [dkt. 167] is **denied** because the Court made a correct ruling on the cross-motions for summary judgment and no persuasive basis for reconsidering that ruling has been shown.

**IT IS SO ORDERED.**

Date: 11/26/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH WALTON
PO BOX 598
Westfield, IN 46074

All Electronically Registered Counsel